FILED

FEB 18 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ku/_____, DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | **PRW** |
| -vs- | ) ) No. | **CR 21-014** |
| DALTON HARMON-CASTOR, | ) ) Violation: | 18 U.S.C. § 201(b)(2)(B) |
| Defendant. | ) ) | |

### INDICTMENT

The Federal Grand Jury charges:

At all times relevant to this Indictment:

1. Specialized Outpatient Services ("SOS"), located at 5218 Classen Circle in Oklahoma City, Oklahoma, contracted with the United States Probation Office for the Western District of Oklahoma ("U.S. Probation") to provide drug testing to persons under supervision by U.S. Probation.

2. SOS employed **DALTON HARMON-CASTOR** as a Urinalysis Collector. As a Urinalysis Collector, acting on behalf of U.S. Probation, **HARMON-CASTOR** collected urine specimens from persons required to undergo court-ordered drug testing as a condition of their supervision by U.S. Probation.

3. During the urine collection process, **HARMON-CASTOR** was required to observe an individual providing a urine specimen to ensure the individual provided the individual's own sample directly into the specimen bottle.

4. After observing an individual provide a urine specimen, **HARMON-CASTOR** was required to complete a U.S. Probation Chain of Custody form and certify that he had witnessed the individual provide the urine specimen. SOS then mailed the sealed specimen bottle from Oklahoma City to a U.S. Probation Drug Laboratory for further analysis.

5. From no later than about May 2018 until at least about September 2018 while collecting urine specimens from individuals under supervision by U.S. Probation, **HARMON-CASTOR** solicited and accepted cash payments in exchange for allowing individuals to provide fraudulent urine specimens. In particular, rather than personally observing an individual provide his own urine specimen, **HARMON-CASTOR** either knowingly allowed the individual to smuggle into SOS a "clean" urine specimen, or **HARMON-CASTOR** provided a "clean" urine specimen that had been collected from another person.

## COUNT 1
### (Accepting a Bribe)

6. The Federal Grand Jury incorporates by reference paragraphs 1-5.

7. On or about August 14, 2018, in the Western District of Oklahoma,

------------------------------------**DALTON HARMON-CASTOR,**----------------------------

a public official, corruptly demanded, sought, received, accepted, and agreed to receive and accept something of value personally, in return for being influenced to commit and aid in committing, and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States. In particular, while employed as a

Urinalysis Collector at SOS, **HARMON-CASTOR** solicited, received, and accepted a thing of value, namely United States currency, in exchange for providing J.D.R., an individual under court-ordered supervision by U.S. Probation, with a "clean" urine specimen obtained from a child. **HARMON-CASTOR** thereafter provided the fraudulent urine sample for drug testing and represented that it was a genuine specimen collected from J.D.R. Further, **HARMON-CASTOR** falsely certified on a U.S. Probation Chain of Custody form that J.D.R. had provided his own urine specimen.

All in violation of Title 18, United States Code, Section 201(b)(2)(B).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

TIMOTHY J. DOWNING
United States Attorney

JESSICA L. PERRY
Assistant United States Attorney